UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES H. NEWBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:11-CV-534 |
| ) | (VARLAN/GUYTON) |
| DEPUTY JOHN M. SHARP, in his ) | |
| individual and official capacities as an officer ) | |
| with the Knox County, TN, Sheriff's Office; ) | |
| DEPUTY JAMES T. HAMMOND, in his ) | |
| individual and official capacities as an officer ) | |
| with the Knox County, TN, Sheriff's Office; ) | |
| DEPUTY J. MOYERS, in his ) | |
| individual and official capacities as an officer ) | |
| with the Knox County, TN, Sheriff's Office; ) | |
| JIMMY "J.J." JONES, in his official capacity ) | |
| as Sheriff of Knox County, TN; ) | |
| JOHN DOE(S), in their individual and ) | |
| official capacities as officers ) | |
| with the Knox County, TN, Sheriff's Office; ) | |
| KNOX COUNTY, TN, SHERIFF'S OFFICE, ) | |
| and KNOX COUNTY, TENNESSEE, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on the Motion of Defendant Knox County, Tennessee to Dismiss [Doc. 10].[1] Plaintiff filed a response in opposition [Doc. 13]. No reply

---

[1]Although the text of the motion indicates that it is brought by defendant Knox County, Tennessee only, the docket sheet reflects that the motion is brought by the John Doe(s), James T. Hammond in his official capacity, Jimmy J.J. Jones, Knox County, Tennessee, Knox County, Tennessee Sheriff's Office, J. Moyers in his official capacity, and John M. Sharp in his official capacity [Doc. 10].

was filed, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. After considering the pending motion, the supporting and responsive briefs, the allegations in the complaint, and the relevant law, and for the reasons stated herein, the Court will grant in part and deny in part defendant's motion.

**I.     Background[2]**

On or about November 10, 2010, plaintiff was driving his vehicle in Knox County, Tennessee and began choking on food he was eating [Doc. 5 ¶ 10]. As a result, plaintiff pulled over into the parking lot of a convenience store [*Id.* ¶ 11]. Another motorist who witnessed plaintiff's difficulties summoned medical help and law enforcement officers [*Id.* ¶ 12].

Defendants John M. Sharp ("Sharp"), James T. Hammond ("Hammond"), J. Moyers ("Moyers"), and John Doe(s), all officers with the Knox County, Tennessee Sheriff's Office, arrived on the scene [*Id.* ¶¶ 2–4, 6, 13]. Plaintiff alleges that rather than assisting plaintiff, these officers "began berating, chiding, and belittling [p]laintiff as [p]laintiff was lying on the ground suffering a medical emergency" [*Id.* ¶ 13]. Plaintiff was arrested and handcuffed on the ground and then carried by defendants Sharp, Hammond, Moyers and John Doe(s) to the back of a patrol car [*Id.* ¶¶ 14, 15]. According to plaintiff, the John Doe officer(s) did nothing to prevent this unlawful arrest [*Id.* ¶ 24]. Plaintiff was then transported to the Knox

---

[2]The Court takes as true the factual allegations of a complaint for purposes of a motion to dismiss under Rule 12(b)(6). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all the factual allegations contained in the complaint" (citations omitted)).

County Sheriff's Detention Facility [*Id.* ¶ 15]. Allegedly, the handcuffs were placed so tightly on plaintiff's wrists that they caused nerve damage to plaintiff's wrists and hands [*Id.* ¶ 16]. Plaintiff also allegedly suffered injuries to his hips as a result of the officers' actions [*Id.* ¶ 17].

Plaintiff was held in custody, where he requested medical attention, until he retained an attorney and posted a bail bond of four thousand dollars [*Id.* ¶¶ 18, 25, 26]. His vehicle and four hundred twenty-nine dollars in currency were seized by the arresting officers, but returned to plaintiff in April of 2011 [*Id.* ¶ 19]. Missing from plaintiff's vehicle upon return was his valuable and irreplaceable personal property [*Id.* ¶ 23]. Plaintiff was charged with simple possession of methamphetamine, resisting arrest, and possession of a weapon [*Id.* ¶ 20]. Subsequent testing by the Tennessee Bureau of Investigation Laboratory, however, found that the substance possessed by plaintiff contained no methamphetamine or any other illegal substance [*Id.* ¶ 21]. The criminal charges against plaintiff were dismissed on March 3, 2011 [*Id.* ¶ 22].

Plaintiff commenced this action against Sharp, Hammond, Moyers, and John Doe(s), in their individual and official capacities as officers of the Knox County, Tennessee Sheriff's Office, as well as Jimmy "J.J." Jones, in his official capacity as Sheriff of Knox County, Tennessee ("Sheriff Jones"), the Knox County, Tennessee Sheriff's Office ("Knox County Sheriff's Office"), and Knox County, Tennessee ("Knox County"), asserting claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, as well as state-law claims for false arrest, false imprisonment, outrageous conduct and infliction of emotional distress, malicious

prosecution, and assault and battery against all defendants but Sheriff Jones [*Id*. ¶¶ 27–60]. He seeks compensatory damages in the amount of $150,000, punitive damages in the amount of $150,000, reasonable attorney's fees, expenses associated with the costs of litigation, prejudgment interest, and a jury trial [*Id*.].

**II.    Analysis**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Knox County moves to dismiss (1) the Knox County Sheriff's Office with prejudice, claiming it is not an entity capable of being sued under 42 U.S.C. § 1983, (2) defendants Sharp, Hammond, Moyers, and Sheriff Jones in their official capacities on the basis that plaintiff has also sued Knox County and the official capacity suits are redundant and likely to cause juror confusion, (3) the state law tort claims against Knox County with prejudice, asserting that all such claims are barred by Tennessee's Governmental Tort Liability Act ("TGTLA"), and (4) the punitive damages claim asserted against Knox County, contending that punitive damages are not recoverable against municipalities either in § 1983 cases or with respect to TGTLA negligence claims [Doc. 10].

**A.    Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S.

4

41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

   **B.    Knox County Sheriff's Office will be Dismissed**

Defendant argues that the Knox County Sheriff's Office is not an entity capable of being sued under 42 U.S.C. § 1983, citing, among other cases, *Matthews v. Jones*, 35 F.3d 1046 (6th Cir. 1994), and requests that the Knox County Sheriff's Office be dismissed with prejudice [Doc. 11]. In response, plaintiff asserts that the Knox County Sheriff's Office may

5

be sued, citing *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), as well as Tenn. Code Ann. § 8-8-302 [Doc. 13].

"Section 1983 provides liability against any 'person' who, under the color of law, violates the plaintiff's constitutional rights." *Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *1 n.1 (citing 42 U.S.C. § 1983). "'[M]unicipalities and other local government units' are among the 'persons' to whom the statute applies." *Id.* (quoting *Monell*, 436 U.S. at 690). In *Matthews*, the Sixth Circuit, citing a Kentucky district court case and Kentucky statute, held that a Kentucy police department was "not an entity which may be sued" under § 1983 and found that the county was instead "the proper party to address the allegations of [the] complaint." *Matthews*, 35 F.3d at 1049; *see also Petty v. Cnty. of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007) (finding the same with respect to an Ohio sheriff's department). Although it does not appear that the Sixth Circuit has addressed whether a Tennessee sheriff's department may be sued under § 1983, "federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes*, 2010 WL 3341889, at *2 (citing cases). Accordingly, the Court will dismiss the § 1983 claim against the Knox County Sheriff's Office.

That leaves the state-law claims against the Knox County Sheriff's Office. While defendant specifically addresses only the § 1983 claim, defendant requests that the Knox County Sheriff's Office be dismissed entirely from this lawsuit; the Court thus construes defendant's motion as one seeking to dismiss the state-law claims against the Knox County

6

Sheriff's Office. Plaintiff argues the Knox County Sheriff's Office may be sued pursuant to Tenn. Code Ann. § 8-8-302 [Doc. 13]. Tenn. Code Ann. § 8-8-302, however, provides that counties may be sued for the actions of sheriff's deputies; it does not authorize suits against sheriff's departments.[3] Accordingly, the Court will dismiss plaintiff's state-law claims against the Knox County Sheriff's Office as well.[4]

### C. Defendants Sued in their Official Capacities will be Dismissed

Defendant asserts that the official capacity claims against Sheriff Jones and officers Sharp, Hammond, and Moyers should be dismissed because they are redundant and could lead to juror confusion as a result of plaintiff also suing Knox County [Doc. 11]. Plaintiff opposes this request, asserting that "the underlying reason that individual[s are] named versus the governmental entity is due to the fact that the causes of action arise out of the acts, or failures to act, of the individual deputy defendants" [Doc. 13]. "Likewise, there are specific claims that arise out of the acts, or failures to act, of the entity, like failure to train, that create liability on the entity" [*Id.*]. Plaintiff also asserts that the case law states only that "suing an

---

[3]The statue provides:

> Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office.

Tenn. Code Ann. § 8-8-302.

[4]As no other claims are asserted against the Knox County Sheriff's Office, the Knox County Sheriff's Office will be dismissed as a party to this action.

7

individual in their official capacity is equivalent to suing the municipality; it does not say that one of the defendants must be dismissed" [*Id.* (emphasis omitted)].

The parties correctly agree that "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Accordingly, in a suit such as this, where plaintiff has sued the sheriff and officers of the sheriff's office in their official capacities as well as the County itself, the official capacity claims are redundant. *See B.M.D. v. Knox County, Tennessee*, 3:07-CV-73 (Mem. Op. July 18, 2008) (finding same); *see also Busby v. City of Orlando*, 931 F.2d 764, 766 (11th Cir. 1991) (noting there is no "need to bring official-capacity actions against local government officials"); *Verde v. City of Philadelphia*, 862 F. Supp. 1329, 1336–37 (E.D. Pa. 1994) (dismissing claims against named defendants in their official capacities). The official capacity claims against Sheriff Jones and officers Sharp, Hammond, and Moyers, therefore, will be dismissed.

> **D. Although Knox County Retains Immunity with Respect to Plaintiff's State-Law Claims under the Tennessee Governmental Tort Liability Act, the State-Law Claims Against It will not be Dismissed because Plaintiff Seeks Relief Pursuant to Tenn. Code Ann. § 8-8-302**

Regarding plaintiff's state law tort claims, defendant asserts that it retains immunity under the TGTLA because such claims arise out of the same circumstances giving rise to plaintiff's civil-rights claim [Doc. 11]. In response, plaintiff contends that the state law tort

claims are viable because plaintiff may recover pursuant to Tenn. Code Ann. § 8-8-302 [Doc. 13].

The TGTLA provides that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201. "Governmental entity" is defined as "any political subdivision of the state of Tennessee." Tenn. Code Ann. § 29-20-102(3)(A). The TGTLA removes immunity for "injury proximately caused by a negligent act or omission of any employee within the scope of his employment," Tenn. Code Ann. § 29-20-205, although there is an exception to this to this removal of immunity. Immunity is retained where injuries arise out of "false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights." Tenn. Code Ann. § 29-20-205(2). The civil-rights exception "has been construed to include claims arising under 42 U.S.C. § 1983 and the United States Constitution." *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010) (citation omitted).

Plaintiff asserts the following state-law claims: false arrest, false imprisonment, outrageous conduct and infliction of emotional distress, malicious prosecution, and assault and battery [*See* Doc. 1]. The claims for false arrest, malicious prosecution, and outrageous conduct and infliction of emotional distress are without doubt within the province of Tenn.

Code Ann. § 29-20-205(2) and thus barred by the TGTLA's preservation of immunity. *See Sallee v. Barrett*, 171 S.W.3d 822, 831 (Tenn. 2005) (finding that the phrase "infliction of mental anguish" refers to "intentional infliction of emotional distress"); *Bain v. Wells*, 936 S.W.2d 618, 622 n.3 (Tenn. 1997) ("Intentional infliction of emotional distress and outrageous conduct are not two separate torts, but are simply different names for the same cause of action." (citation omitted)).

Defendant argues that all of the state-law claims, however, are within the province of Tenn. Code Ann. § 29-20-205(2) because plaintiff's claims arise out of the same circumstances giving rise to his civil-rights claim under federal law. The Court agrees. Plaintiff does not allege any new or different facts in support of his state-law claims; instead, he refers to the same actions of defendants Sharp, Hammond, Moyers, and John Doe(s) and the factual allegations set forth in paragraphs 9 through 26, which he likewise relies upon for his civil-rights claim [*See* Doc. 1]. *See Johnson*, 617 F.3d at 872 (finding the plaintiff's negligence claim against a city barred under the TGTLA because it arose out of the same circumstances giving rise to the plaintiff's civil-rights claim under § 1983); *Campbell v. Anderson Cnty.*, 695 F. Supp. 2d 764, 778 (E.D. Tenn. 2010) ("Because Campbell asserts her claims against the County in the context of a civil rights case, her alleged injuries arise out of 'civil rights' and the County is entitled to immunity from suit on these claims pursuant to the 'civil rights' exception in Tenn. Code Ann. § 29-20-205(2).").

Despite this finding, plaintiff's state-law claims will not be dismissed because plaintiff asserts that he brings these claims pursuant to another statute, Tenn. Code Ann. § 8-8-302, which provides grounds for relief.[5] Section 8-8-302 provides:

> Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office.

Tenn. Code Ann. § 8-8-302. "The TGTLA superceded this statute as it relates to actions based on negligence, but this statute still controls as to suits for intentional acts of official misconduct by sheriff's deputies." *Hunt v. Wayne Cnty.*, No. 1-10-0035, 2012 WL 279482, at *7 (M.D. Tenn. Jan. 31, 2012) (citations omitted); *see also Jenkins v. Loudon Cnty.*, 736 S.W.2d 603, 609 (Tenn. 1987), *abrogated on other grounds*, *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73 (Tenn. 2004); *Currie v. Haywood Cnty.*, No. W2010-00453-COA-R3CV, 2011 WL 826805, at *3 n.1 (Tenn. Ct. App. Mar. 10, 2011). Plaintiff's state-law claims are not claims of negligence. Accordingly, while immune under the TGTLA, defendant can be held liable for its deputies' alleged actions under Tenn. Code Ann. § 8-8-302. Defendant's request to dismiss the state-law claims against it will be denied.

---

[5]Although this statute is cited as a basis for relief with respect to the Knox County Sheriff's Office in the complaint, plaintiff seemingly relies upon it with respect to Knox County as well [*See* Docs. 1, 13].

11

### E. Punitive Damages

Defendant asserts that plaintiff's demand for punitive damages must be dismissed because punitive damages are not recoverable against municipalities in § 1983 actions or against Knox County in connection TGTLA negligence claims [Doc. 11]. Plaintiff concedes that punitive damages are not available pursuant to § 1983 or the TGTLA, but asserts he may recover punitive damages under Tenn. Code Ann. § 8-8-302 [Doc. 13]. As defendant does not contest plaintiff's assertion, the Court declines to dismiss the punitive damages request with respect to plaintiff's state-law claims, but will dismiss the request for punitive damages as it pertains to plaintiff's § 1983 claim. *See Jefferson v City of Tarrant*, 522 U.S. 75, 79 (1997); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

### III. Conclusion

For the reasons explained herein, the Court **GRANTS in part** and **DENIES in part** the Motion of Defendant Knox County, Tennessee to Dismiss [Doc. 10]. The Knox County Sheriff's Office is **DISMISSED** as a party to this action, the official capacity claims against Sheriff Jones and officers Sharp, Hammond, and Moyers are **DISMISSED**, and the request for punitive damages with respect to plaintiff's § 1983 claim is **DISMISSED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE